IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL McGRATH,

      Plaintiff,

v.                                            CIV 14-0504 JB/KBM

CITY OF ALBUQUERQUE, et al.,

      Defendants.

## PROPOSED FINDING AND RECOMMENDED DISPOSITION

Presiding District Judge Browning referred this matter to me pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3) to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. During the pendency of this case, Plaintiff's counsel of record was disbarred from the practice of law in both the state and federal courts in New Mexico. *See In re: Paul Steven Livingston, Esq.,* 14mc0037 RB-JCH-JAP at Doc. 4 (October 27, 2014). On April 27, 2015, this Court notified Plaintiff McGrath that he was considered to be proceeding pro se in this matter The Clerk was directed to send to Mr. McGrath at his new address of record a copy of the Court's Order and the Guide for Pro Se Litigants, which was done.

In the April 27, 2015 Order, Mr. McGrath was also cautioned that he must become familiar with the Federal Rules of Civil Procedure and this District's Local Rules and comply with those rules and any orders of this Court. He was further advised that failure to do so could result in sanctions, including dismissal of this lawsuit. Moreover, the Court expressly warned the pro se plaintiff as follows:

> No response has been filed to the Motion for Summary Judgment that has been filed by the City Personnel Board *(Doc. 38)*. Given his now pro se status, Mr. McGrath will be given until May 27, 2015 to file a response to that motion. Mr. McGrath is on notice that pursuant to our local rules, "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

*Doc. 43* at 2. The Court now notes that no response to the motion for summary judgment has been filed, nor has any request for an extension of the deadline been received.

Thus, by failing to file a response, Mr. McGrath has not contested the material facts identified by the Board and has consented to the Court granting the motion. Nevertheless, the Court is required by binding precedent to look into the merits of a motion for summary judgment. *See Reed v. Bennett*, 312 F.3d 1190, 1154-95 (10th Cir. 2002) ("If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.").

Defendant City Personnel Board ("the Board") has moved for summary judgment on the basis of absolute immunity. *Doc. 38*. The undisputed material facts set forth in the motion, which are supported by submitted evidence in conformance with Rule 56 of the Federal Rules of Civil Procedure, are now set forth.

The City terminated Plaintiff from its Transit Department on February 25, 2008 when, pursuant to a random drug test, he tested positive for cocaine. Plaintiff was then reinstated. The reinstatement followed State District Judge Valerie Huling's ruling that the City had not properly bargained the "zero tolerance" disciplinary portion of the 2006 policy, and thereby invalidated those disciplinary provisions of the 2006 policy. Upon his reinstatement, Plaintiff was issued a notice of new pre-determination hearing to address appropriate discipline under the 1999 discipline policy.  Additional allegations were added to the new pre-determination notice. Plaintiff again was terminated, and he appealed that decision in Personnel Board cause PB-10-14 (consolidated by the hearing officer with the pending 2008 appeal in PB-08-09.

The hearing officer ("HO") made recommendations on April 26, 2011. The HO's findings regarding the positive drug test were adopted by the Personnel Board on July 13, 2011, resulting in a modification to his discipline to a 20-day suspension and reinstatement to a different, non-safety sensitive position. The City then appealed the Personnel Board's ruling on the basis that the Personnel Board did not have the jurisdiction to order that an employee be placed in a different position from that which he had been terminated. The City, however, dismissed its appeal

3

following a New Mexico Court of Appeals decision, which found that the Personnel Board indeed does have that jurisdiction. *See Adolph v. City of Albuquerque,* 2013 WL 5309901, *cert. denied* (2013),

Plaintiff was then directed, by a letter to both him and his attorney of record, to report for work by November 18, 2013. When Plaintiff McGrath failed to do so, yet another notice of a pre-determination hearing was sent to Plaintiff and his attorney. The Director of the Transit Department then terminated Plaintiff based upon his failure to report to work as instructed upon reinstatement and his failure to provide any explanation or justification for that inaction. Neither Plaintiff nor the City filed a timely appeal of the termination.

Given these undisputed facts, binding Tenth Circuit precedent establishes that the Board is entitled to absolute immunity in this case.

> For an official at an administrative hearing to be protected by absolute immunity (a) the officials' functions must be similar to those involved in the judicial process, (b) the officials' actions must be likely to result in damages lawsuits by disappointed parties, and (c) there must exist sufficient safeguards in the regulatory framework to control unconstitutional conduct.

*Guttman v. Khalsa*, 446 F.3d at 1033 (internal quotation marks omitted). Indeed, the Tenth Circuit echoed the findings of the late District Judge Juan Burciaga when he granted absolute immunity to the City's Personnel Board in a similar case brought more than two decades ago by Plaintiff McGrath's now-disbarred attorney who filed this action:

> Absolute immunity applies, therefore, where (1) the defendant's duties and the procedures employed are functionally comparable to those of a court of law; (2) maintenance of the impartiality and

4

effectiveness of the adjudicatory process in question requires eliminating any threat of personal liability; (3) the defendant's actions are more likely than other governmental actions to result in disappointed parties' institution of lawsuits; and (4) procedural safeguards exist and are ad equate to correct or prevent erroneous or intentional constitutional violations. *See Horwitz v. Bd. of Med. Examiners*, 822 F.2d 1508, 1513 (10th Cir.), *cert. denied*, 484 U.S. 964 [108 S.Ct. 453, 98 L.Ed.2d 394] (1987). Application of these principles to the case at bar compels the conclusion that the Defendants' acts are shielded by absolute immunity.

The hearing before the PHO is adversary in nature. Employees have the right to counsel and the opportunity to present evidence, provide testimony, and cross-examine witnesses. The PHO is a professional hearing officer, is not considered an employee of the City, and is sufficiently independent. His decisions are insulated from political pressure. The PHO makes written findings of fact and issues a recommendation. The Board's review of the PHO's determination is limited to the record. The Board either affirms, denies, modifies, or remands the PHO's decision, similar to a reviewing court of law. The nature of the process is such that the terminated employee will often have a strong incentive to sue the PHO or the Board should either issue an adverse decision, and therefore a strong likelihood of lawsuits could deter others from desiring to perform these functions and might produce a hidden bias in favor of the aggrieved employee. In any event, constitutional violations can be corrected on appeal to the state district court. Notwithstanding Plaintiff's contrary assertions, all of the factors deemed dispositive in *Butz* [*v. Economou*, 438 U.S. 478 (1978)] are present here. The PHO and the Board must be free to exercise their discretion uninhibited by a looming threat of personal liability.

*Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1530 (10th Cir. 1996)(quoting

*Saavedra v. City of Albuquerque*, 859 F. Supp. 526, 530–31 (D.N.M. 1994)).

The presiding judge in the instant case, District Judge Browning, relied on the

*Saavedra* opinion just last year in granting absolute immunity to the Board

because, like here, it was "on all fours" with *Saavedra*. *See Tapia v. City of*

*Albuquerque*, 2014 WL 2757519 at *42 (D.N.M. 2014).

In *Tapia*, Judge Browning also cited to a decision from this District by the late then-Chief District Judge John Conway in *Encinias v. City of Albuquerque*, CIV 98-1139 JC/WWD at Doc. 17 (December 14, 1998). At page three of the *Encinias* opinion, Judge Conway declined the Board's request to impose sanctions against the plaintiff for bringing the frivolous claim against the Board given its entitlement to absolute immunity. But Judge Conway did so primarily because, in 1998, *Saavedra* was a "relatively recent decision." That is no longer the case. In fact, the Board's clear entitlement to absolute immunity may well explain McGrath's decision not to file a frivolous response in opposition to this motion.

Wherefore,

IT IS HEREBY RECOMMENDED that the Motion for Summary Judgment filed by the Defendant City Personnel Board *(Doc. 38)* be granted and this case dismissed.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE